UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN L. HORVATH,<br><br>                      Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE & COMPANY,<br><br>                      Defendant. | Case No.: 3:21-cv-1665-BTM-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[3, 8, 9, 19, 21, 23]** |

On August 16, 2021, Plaintiff Helen L. Horvath filed a complaint against Defendant JPMorgan Chase Bank, N.A.[1] in the Superior Court of California, County of San Diego, Small Claims Court ("Small Claims Court"), alleging violations of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and the Fair Credit Reporting Act ("FCRA"). (ECF No. 1-2, Exh. A.) On September 22, 2021, Defendant removed the action to this Court. (ECF No. 1.) Plaintiff, who is proceedings pro se, has filed oppositions to Defendant's notice of removal, which the Court will construe together as Plaintiff's motion to remand. (*See* ECF Nos. 8, 9.) On September 29, 2021, Defendant filed a motion to dismiss Plaintiff's

---

[1] Defendant alleges that it was erroneously sued as JP Morgan Chase & Company.

complaint.  (ECF No. 3.)

As a preliminary matter, Defendant's request to file a sur-reply is **GRANTED**. (ECF No. 19.)  Plaintiff's motion to deny Defendant's request to file a sur-reply is **DENIED**.  (ECF No. 23.)  Plaintiff's request to file a response to Defendant's motion that exceeds the page limit is **DENIED** as moot, as the Court has already accepted Plaintiff's requested filing.  (ECF No. 21.)

### I.  MOTION TO REMAND

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. Accordingly, "[a] defendant may remove an action to federal court based on federal question jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  "In determining federal question jurisdiction, the well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.*

Defendant argues that Plaintiff's complaint presents a federal question because it alleges that Defendant violated the FCRA.  Plaintiff's complaint alleges that Defendant "stated to the Credit Reporting Agencies that plaintiff [made late payments] from December 2019 to January 2021 for account ending in 8246 even when the defendants have stated plaintiff was on COVID deferral in their response to the plaintiff," that under the CARES Act, "any type of deferment or re-payment plan due to COVID-19 is not to be reported late," and that she suffered "denial of credit due to inaccurate reporting."  (ECF No. 1-2, Exh. A.)  For purposes of removal, Defendant has established federal question jurisdiction.  *See Arndt v. Cap. One Bank USA, N.A.*, 2017 WL 3834722, at *2 (C.D. Cal. Aug. 31, 2017) ("At

the time of removal, the operative complaint asserted claims under the . . . FCRA, and thus the court had federal question jurisdiction over those claims."); *Allen v. Toyota Motor Credit Corp.*, 2019 WL 10944853, at *2 (N.D. Cal. Aug. 1, 2019) (finding that removal was proper where the plaintiff asserted that "Defendant reported false and inaccurate information on my credit file causing my credit rating to drop significantly" and "violated the Fair Credit Reporting Act"); *Tailford v. Experian Info. Sols., Inc.*, 2020 WL 2464797, at *4 (C.D. Cal. May 12, 2020) ("There is no question that Plaintiffs' complaint raised issues under the FCRA, a federal law. Thus, removal was proper.").

Plaintiff argues that Defendant's notice of removal was untimely, claiming that she served Defendant on August 20, 2021 when she mailed her complaint to Defendant through the United States Postal Service's certified mail service, which was "delivered to [an] agent for final delivery" on August 20, 2021. (*See* ECF No. 8.) In response, Defendant submits the declaration of Alexandre C. Halow, who is a "Representation Services Advisor for [CT Corp]," which "serves as a registered agent for service of process for [Defendant] in California." (ECF No. 11-1 ("Halow Decl.") ¶¶ 1, 4.) According to Halow, "CT Corp's business records reflect that it received various documents in connection with this lawsuit, including Plaintiff's Claim and ORDER to Go to Small Claims Court [on] August 23, 2021 by certified mail." (Halow Decl. ¶ 9.) "The documents, which CT Corp received, were then forwarded to [Defendant] on August 23, 2021." (Halow Decl. ¶ 11.) Plaintiff does not factually dispute the facts in Halow's declaration, which satisfies the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6).

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 8 U.S.C. § 1446(b). "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and

brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Accordingly . . . a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48 (internal quotations omitted). "Consequently, actual notice of the action is insufficient; rather, the defendant must be notified of the action, and brought under a court's authority, by formal process, before the removal period begins to run." *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011) (internal citation and quotations omitted).

Cal. Civ. Proc. Code § 116.340 provides for the service of claims in Small Claims Court, and thus governs when the removal clock began to run in this case. *See Stafford v. Dollar Tree Stores, Inc.*, 2014 WL 7335673, at *2 (E.D. Cal. Dec. 19, 2014) ("Federal courts in this circuit look to California state law to determine the sufficiency of service prior to removal."); *Willform v. City of Ceres*, 2021 WL 1382357, at *3 (E.D. Cal. Apr. 13, 2021) ("Because this action was originally filed in California state court . . . the court looks to whether or not defendants were properly served under California law."); *McGuinn v. City of Sacramento Police Dep't*, 2013 WL 3804051, at *2 (E.D. Cal. July 19, 2013) ("As [the] suit was filed in state court, state law governs when effective service occurred."). Under Cal. Civ. Proc. Code § 116.340:

> (a) Service of the claim and order on the defendant may be made by any one of the following methods:
>
> (1) The clerk may cause a copy of the claim and order to be mailed to the defendant by any form of mail providing for a return receipt.
>
> (2) The plaintiff may cause a copy of the claim and order to be delivered to the defendant in person.
>
> (3) The plaintiff may cause service of a copy of the claim and order to

> be made by substituted service as provided in subdivision (a) or (b) of Section 415.20 without the need to attempt personal service on the defendant. For these purposes, substituted service as provided in subdivision (b) of Section 415.20 may be made at the office of the sheriff or marshal who shall deliver a copy of the claim and order to any person authorized by the defendant to receive service, as provided in Section 416.90, who is at least 18 years of age, and thereafter mailing a copy of the claim and order to the defendant's usual mailing address.
>
> (4) The clerk may cause a copy of the claim to be mailed, the order to be issued, and a copy of the order to be mailed as provided in subdivision (b) of Section 116.330.

Cal. Civ. Proc. Code § 116.340.  Further:

> Service by the methods described in subdivision (a) shall be deemed complete on the date that the defendant signs the mail return receipt, on the date of the personal service, as provided in Section 415.20, or as established by other competent evidence, whichever applies to the method of service used.

*Id.* Plaintiff fails to establish that she served Defendant in compliance with Cal. Civ. Proc. Code § 116.340 prior to August 23, 2021.  For example, Plaintiff has not submitted any mail return receipt that is signed by Defendant and dated prior to August 23, 2021.  Plaintiff includes a copy of a certified mail return receipt and a printout of USPS tracking information for number 70201810000204388491.  (ECF No. 8, Exh. A).  Defendant objects to Plaintiff's evidence on the grounds that they are inadmissible hearsay and lack authentication and foundation.  (ECF No. 11 at 8-9.)  Defendant's objections are sustained.  Plaintiff has not established that the certified mail return receipt and USPS tracking number pertain to the mailing of the relevant documents for proper service.  Further, the certified mail return receipt contains no date of delivery and is not addressed to CT Corp's

registered address for receipt of service of process.[2]  In addition, Plaintiff has not established that the signature on the certified mail return receipt belongs to Defendant or a person authorized to accept service of process on behalf of Defendant.

Plaintiff argues that CT Corp, the registered agent for service of process for Defendant, "utilizes a caller service and authorizes the USPS and their employees to receive service of process." (ECF No. 18 at 3.) Therefore, according to Plaintiff, service was completed on August 20, 2021 when her certified mail was "delivered inside the post office." (*Id.* at 4.)  In support of her argument, Plaintiff submits a declaration by Arturo Torres and Tori Muse that states that Torres delivered "the certified mail in question" to CT Corp on August 20, 2021 at the caller service that was in place for 818 W. 7th Street, Los Angeles, CA 90017. (ECF No. 18 ("Torres and Muse Decl.") ¶¶ 8, 9.)  Defendant objects to the declaration on the grounds that it is incomplete, it is inadmissible hearsay, and it lacks authentication and foundation. (*See* ECF No. 19-1 at 3.)  Defendant's objections are sustained. The declaration is missing pages two and four, does not establish that the USPS and its employees are authorized to receive service of process for CT Corp, and does not establish that the declaration relates to the delivery of the relevant service of process documents.  The Court does not consider the incomplete declaration.  Even though Defendant raised its objections to the incomplete declaration in its Motion for Leave to File a Sur-Reply (ECF No. 19), Plaintiff did not supplement the record to include the complete declaration.  Any attempt to do so hereafter will be too late.

---

[2] The address on Plaintiff's certified mail return receipt is 1818 W. 7th Street, Ste 930, Los Angeles, CA 90017. (ECF No. 8, Exh. A.)  CT Corp's address for receipt of service of process as of June 4, 2021 is 330 N. Brand Blvd., Suite 700, Glendale, CA 91203. (Halow Decl. ¶ 5.)  CT Corp's address for receipt of service of process prior to June 4, 2021 was 818 W. 7th Street, Suite 930, Los Angeles, CA 90017. (Halow Decl. ¶ 6.)

An evidentiary hearing as to when CT Corp was served the relevant documents is unnecessary because the facts are not in dispute that actual service under Cal. Civ. Proc. Code § 116.340(d) was not effected until August 23, 2021. (*See* Halow Decl. ¶¶ 9-11; ECF No. 11-2, Exh. C.) Thirty days after August 23, 2021 is September 22, 2021.[3]  Defendant's notice of removal was timely filed. Accordingly, Plaintiff's motion to remand is **DENIED**.

Plaintiff also requests: (1) that Defendant be ordered to reimburse Plaintiff for her "lost time and economic opportunities" as a result of the filing of the notice of removal, (*see* ECF No. 9 at 31); (2) that Defendant and its attorneys "pay a civil penalty" to Plaintiff for alleged misconduct and false statements made during this case, (*see* ECF No. 10 at 19); (3) that the Court "censure" Defendant, (*see* ECF No. 18 at 8); and (4) that Plaintiff be awarded "attorney's fees and other costs," (*see* ECF No. 23 at 9).  Plaintiff's various requests are premised on the assumption that Defendant's notice of removal was untimely and that Defendant's various filings in this case were made knowing that the notice of removal was untimely. However, as explained above, Defendant's notice of removal was timely filed. Plaintiff's allegations of any misconduct by Defendant are speculative, conclusory, and without any evidentiary support. Further, Plaintiff, who is proceeding pro se and has not prevailed in this action, has not established any basis for reimbursement or an award of attorney's fees or other costs. Plaintiff's requests for reimbursement, a civil penalty, censure, and attorney's fees and other costs are denied.

//

---

[3] "[I]n computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time . . . [w]hen the period is stated in days or a longer unit of time . . exclude the day of the event that triggers the period." Fed. R. Civ. P. 6(a)(1).

## II. MOTION TO DISMISS

Defendant has filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure Rule 8(a)(2) and Rule 12(b)(6).

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) (internal citation and quotation omitted). "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (internal citations and quotations omitted). "[U]nder Rule 8(a), a plaintiff need only provide enough facts to state a claim to relief that is plausible on its face. All factual allegations are accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff. The standard provides for liberal treatment of a plaintiff's complaint at the pleading stage." *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1137 (9th Cir. 2019) (internal citations and quotations omitted). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Defendant argues that Plaintiff's complaint should be dismissed in its entirety because: (1) it does not separately identify each cause of action and state the facts in support of each claim; (2) it cannot allege a claim based on the CARES Act; and (3) it does not adequately allege a claim based on FCRA. (ECF No. 3 at 4-6.)

Plaintiff's various filings focus on the issue of removal jurisdiction and do not specifically address the arguments raised in the motion to dismiss. (*See* ECF Nos. 5, 8, 9, 10, 18.)

### A. Organization of Plaintiff's Complaint

Plaintiff's complaint specifically alleges that Defendant violated the CARES Act and FCRA and provides a factual basis for those violations. (*See* ECF No. 1-2, Exh. A at 4-5.) While not precisely organized, Plaintiff's complaint is short and intelligible enough for Defendant to respond to Plaintiff's CARES Act and FCRA claims, as Defendant has done in its motion to dismiss. The Court declines to dismiss Plaintiff's complaint on the basis of its form and organization. *See Cosme v. LASD*, 2009 WL 3517553, at *3 (C.D. Cal. Oct. 23, 2009) (dismissing complaint where "plaintiff ha[d] failed to link any portion of his factual narrative to any specific claim"); *Samuel v. JP Morgan Chase Bank Nat'l Assoc.*, 2021 WL 826414, at *2 (C.D. Cal. Mar. 3, 2021) (dismissing complaint that "simply list[ed] a number of federal statutes followed by a page and a half of narrative that d[id] not clearly correspond to any claim and that [was] not reasonably intelligible").

### B. CARES Act

To the extent that Plaintiff alleges that Defendant violated various provisions of the CARES Act, Plaintiff does not have a cause of action under the CARES Act. *See Am. Video Duplicating, Inc. v. City Nat'l Bank*, 2020 WL 6882735, at *4 (C.D. Cal. Nov. 20, 2020) ("Plaintiff's claims for violations of the CARES Act . . . fail because there is no private cause of action to enforce these provisions."); *Radix L. PLC v. JPMorgan Chase Bank NA*, 508 F. Supp. 3d 515, 520 (D. Ariz. 2020) ("there is no private right of action to enforce the CARES Act"). Accordingly, Plaintiff's CARES Act cause of action is dismissed.

### C. FCRA

Plaintiff alleges the following with respect to her FCRA claim: (1) Plaintiff was "granted two revolving credit cards in 2014 from [Defendant]," identified as account

numbers 1932 and 8246; (2) Plaintiff made timely payments on those accounts until December 2019, when she began to experience financial hardship; (3) in April 2020, Plaintiff "requested COVID deferrals for both accounts under the CARES Act"; (4) on April 14, 2020, Defendant put account 8246 on COVID deferral; (5) "[Defendant] stated to the Credit Reporting Agencies that plaintiff was late from December 2019 to January 2021 for account ending in 8246 even when the [Defendant had] stated plaintiff was on COVID deferral"; (6) Plaintiff suffered "[d]enial of credit by Pentagon Federal Credit Union in May and July 2021 and Geneva Financial in August 2021 due to the inaccurate reporting [by Defendant regarding Plaintiff's credit card accounts]"; and (7) Defendant failed to timely respond to a letter Plaintiff sent them on May 26, 2021.  (*See* ECF No. 4-5.)

Section 1681s-2 of FCRA "sets forth responsibilities of furnishers of information to consumer reporting agencies, delineating two categories of responsibilities.  [Section 1681s-2(a)] details the duty to provide accurate information." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (internal quotations omitted).  "Section 1681s–2(b) imposes a second category of duties on furnishers of information.  These obligations are triggered upon notice of dispute—that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information." *Id.* (internal quotations omitted).  "These duties arise only after the furnisher receives [a] notice of dispute from a CRA; [a] notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Id.*  "The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements.  However, § 1681s–2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA." *Id.*  "Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." *Id.*
//

Therefore, a plaintiff alleging a FCRA claim against a credit furnisher must plead the following:

> (1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b) (1)(A)-(E).

*Hughes v. IQ Data Int'l, Inc.*, 2016 WL 7406993, at *2 (N.D. Cal. Dec. 22, 2016).

Here, Plaintiff alleges that Defendant's reports to CRAs regarding late payments for account 8246 were inaccurate because that account was on COVID deferral. However, Plaintiff fails to allege that she notified the relevant CRA that she disputed the reporting as inaccurate, that the CRA then notified Defendant of the alleged inaccurate information, and that Defendant then failed to investigate the inaccuracy or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b) (1)(A)-(E). Plaintiff has failed to adequately plead a FCRA cause of action against Defendant. *See Denison v. Citifinancial Servicing LLC*, 2016 WL 1718220, at *2 (N.D. Cal. Apr. 29, 2016) (dismissing complaint where "the complaint allege[d] no facts suggesting which consumer reporting agency produced the credit report, that this unnamed consumer reporting agency notified defendant of the supposed inaccuracy, or that defendant failed in some specific way to investigate the alleged inaccuracy"); *Peasley v. Verizon Wireless (VAW) LLC*, 364 F. Supp. 2d 1198, 1200 (S.D. Cal. 2005) (the complaint "does not allege that [the credit furnisher] was ever notified by a credit reporting agency; in fact, it alleges the plaintiff did not notify a credit reporting agency but rather notified [the credit furnisher] directly. Thus, the complaint fails to state a claim for violation of § 1681s–2(b) upon which relief can be granted."). Accordingly, Plaintiff's FCRA cause of action is dismissed.

//

//

### III. CONCLUSION

Plaintiff alleges that she filed an amended complaint in Small Claims Court on October 18, 2021. (*See* ECF No. 18 at 2.) It is unclear to what extent Plaintiff amended her original complaint, as she does not attach the complete amended complaint, and appears only to include the first page of the amended Claim and Order to Go to Small Claims Court. (*See id.* at 30.) Regardless of any substantive changes made, Plaintiff's post-removal amended complaint in Small Claims Court is immaterial. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

Based upon the foregoing, Plaintiff's Motion to Remand is **DENIED** and Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff may file an amended complaint within **45 days** of entry of this order. Failure to timely file an amended complaint may result in dismissal of this action without further notice. In addition, pursuant to Local Civil Rule 5.1(k), the amended complaint "must be made in numbered paragraphs, each of which must be limited, as far as is practicable, to a statement of a single set of circumstances."

**IT IS SO ORDERED.**

Dated: January 6, 2022

_____
Honorable Barry Ted Moskowitz
United States District Judge