Dr. Helen L. Horvath
2127 Arnold Way, Ste 2311
(PO Box 2311)
Alpine, CA 91901/91903
Telephone: 619-249-1393
Email: *dr.hhorvath@gmail.com*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN L. HORVATH,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE & COMPANY,<br><br>Defendant | Case No.: 3:21-CV-01665-BTM-AGS<br><br>[Assigned to the Honorable Barry Ted Moskowitz]<br><br>Motion requesting case be reassigned to a new judge and vacate admonishment.<br><br><u>Hearing:</u><br>Date: March 4, 2022<br>Time: 11:00 am<br>Courtroom: 15B<br><br>Complaint filed: August 16, 2021<br>Requested removal date: September 22, 2021 |

Pursuant to Federal Rules of Civil Procedures, plaintiff motions the Court to assign a different Judge to this case. This request is made after multiple attempts, through plaintiff's pleadings, conversations with the Court, and statements by the defendant's attorneys that creates doubt in the Court and Judge. Plaintiff also motions Court to vacate admonishment based upon facts presented below.

**MEMORANDUM OF POINTS AND AUTHORITIES**

During the period September 22, 2021 through November 24, 2021, Judge Moskowitz and his chambers failed to adhere to the Southern District Local Rule 4.2 by permitting the defendants to proceed with their case without filing the required financial statement with its initial appearance in the court. The LR 4.2 states:

> "A party must file a separate statement entitled **"Notice of Party with Financial Interest"** with its initial appearance in the court and must supplement the statement within a reasonable time of any change in the information (Southern Dist. LR 4.2)."

The chamber and defendant's failure to adhere to LR 4.2 permitted the defendants to falsely argue that the plaintiff sued the wrong firm while impacting the outcome of the case. Defendants argued for dismissal based upon their stated fact that plaintiff filed against the wrong firm. This is throughout their responses until forced to file the Financial Interest Statement on November 24, 2021. At the time that the court finally ordered the Financial Interest statement on November 24, 2021, the case response periods were supposed to be over.

Under Judge Moskowitz's chamber rules, the motion to file a sur-reply cannot include the actual reply document. When the defendants sent an email with

the request for sur-reply, the defendants motioned the court with an actual proposed order approving the motion. Documentation was missing from the email sent to plaintiff. Due to the exclusion of the document, the plaintiff was not able to properly reply to the document. Plaintiff complained telephonically to Chambers regarding the sur-reply.

The defendants have continued to violate procedural regulations or rules in this case without court censure or admonishment. This includes submitting hearsay documents without chain of custody information (*See* motion for a new hearing DMM and ECF 18, exh. C).

**Admonishment**

On January 10, 2022, plaintiff attended a small claims hearing to deliver the January 6, 2022 judgment downloaded from Pacer.gov. During the small claims hearing Bryan Trader, defendant's attorney, stated in open court in front of Commissioner Gross that he provided the District Court the proposed judgment.

Plaintiff asked Mr. Trader twice about who wrote the judgement during the January 10, 2022 hearing. Commissioner Gross read back what Mr. Trader stated during the hearing. Trader stated that he/his firm wrote the proposed judgment and sent a copy to Judge Moskowitz's chambers for approval and then Stroock was supposed to mail plaintiff an approved copy of the judgment. Plaintiff was NEVER

permitted to protest the judgment or actions in Court regarding the proposed judgment. California Superior Court Commissioner Gross stated, “it is not unusual to have motions and judgments written and submitted to court (by litigants).” This fact is exemplified by the Court and Judge Moskowitz’s chambers accepting the proposed order for a Sur-Reply in violation of the Chamber rules. The Sur-Reply requested a delay in judgment to benefit the defendants.

Based upon Mr. Trader’s January 10, 2022 statements in Superior Court plaintiff contacted Chambers to request a copy of the email sent to Chambers. Judge Moskowitz’s law clerk stated that the email documents in question, were to be obtained from defendants’ attorneys. The January 10, 2022 email requesting the proposed judgment email from Stroock, et. al. Stroock, et. al. did not reply to request. The court is supposed to keep all copies of electronic documents to include emails sent to Chambers. The proposed judgement is evidence in the potential procedural violations by defendants and the Court.

On Tuesday, January 11, 2022, plaintiff contacted the Chief Judge’s chambers to discuss filing a judicial complaint against Judge Moskowitz’s chambers due to not being able to obtain a copy of the judgment email. Also included were violations of procedures and laws previously presented to the court through filings and complaints. Additional violations included Mr. Trader’s

actions, defendant's attorney in Superior Court and violations of procedural rules by the Court that impacted the case outcome. There also has been a nagging question of the relationship between Judge Moskowitz and the two Moskowitz partners at Stroock's New York City office. This was responded to in the admonition.

Plaintiff was instructed by Chief Judge Sabraw's office to email the complaint to his motions email address by his court staff. Plaintiff complied with the instructions with a subject line of "judicial complaint". Within the email plaintiff requested a copy of the proposed judgment email provided to Judge Moskowitz's Chamber as stated by Mr. Trader. Judge Sabraw's office later provided additional instruction to file a judicial complaint.

As a litigant, plaintiff is permitted to file judicial complaints without being admonished by Chambers. The admonishment came *AFTER* the judicial complaint was filed with the District Court who provided additional instructions for the complaint.

Plaintiff has filed a judicial complaint for attorney violations in December 2021. Based upon the State of California laws, plaintiff is a protect class during the ongoing investigation.

Under 28 U.S.C. Chapter 16, when plaintiff attempts to file a judicial complaint against a judge for violations of laws or procedures, plaintiff is again a protected class. Respectfully, the complaint documents were sent to the Chief Judge per *Court instructions* and should not have warranted an admonition for attempting to obtain accountability in this case. The court did not send a copy of the email in question to the plaintiff.

In the admonition, Chambers stated that the judgment was written by the Court. Historically, the Court accepts all manner of proposed judgments and approvals to motions emailed to the Court. There is potential plausibility that someone in Chambers accepted the proposed judgment and then used the defendant's judgment to write the Court's opinion. Plaintiff will not know until she is granted access to the email and original proposed judgment by defendants or the court. This email becomes actual evidence in this case. Neither the Court nor the defendants are willing to provide the email even when the legal requirement is to provide it.

Respectfully, in reviewing the judgement allegedly submitted by defendant's attorneys, there is cause to believe that the defendant's attorneys wrote the judgement. Examples include verbatim statements from ECF4 and misstatements in the Judgment that are typical to the defendant's writing style,

contain statements made by Mr. Trader to plaintiff, and written to favor the defendant based upon judgment errors outlined in the motion for a new trial. It is potentially possible that Judge Moskowitz may not have been at the heart of writing the judgment since law clerks also write judgments for approval. Only the court knows how these issues arose as plaintiff was out of the communication chain between the defendants and the Court.

Neither entity is willing to provide a copy of the email and proposed judgment. If Mr. Trader lied in California Superior Court, then the behavior should have been dealt with by District Court, not by a telephone call or other communication, rather by having Mr. Trader appear before the court to answer for his statements and misrepresentations to the court.

Plaintiff is a 100% disabled veteran with disabilities that are impacted by this ongoing paper chase. Plaintiff respects that the Judge Moskowitz has disability(ies). Plaintiff's disabilities are severely impacted by not being in Court to hear testimony and statements. The failure to have in-person hearings also limits the ability of the plaintiff to have subpoenas issued to key witnesses to prove plaintiff's facts in the remand case. Per Chambers, not having trials is still the standing rule. In 2012, plaintiff won a case in the Southern District Court in a one-day trial without an attorney. In the 2012 case, the judge made a decision after the

trial based upon evidence presented at trial within a month. Plaintiff was "one and done" after the trial. This case drags on like a rusty penny because of the court not having face to face hearings.

**Conclusion.**

The plaintiff filed the judicial complaint to the Chief Judge as instructed by his staff. The complaint outlined various violations of civil procedure and law that were tied to Chamber's action and Mr. Trader's various statements found in the affidavit and motion for new hearing (*See* affidavit and motion for a new hearing).

Chambers has not held the defendants and their attorneys accountable for potential violations of laws, procedures, and regulations that impacted this case over the past 4+ months. These errors and violations impacted the plaintiff's ability to accurately respond to defendant's submissions and led to a denial of the remand. Defendants ***have violated the FCRA*** as outlined in the memorandum of points and authorities for the motion to vacate judgment and award a new trial (also *see* ECF 18 generally). Direct complaints to furnishers are permitted under federal statutes cited in points and authorities page 26 (12 CFR 1022.43 (1)-(3)).

***1. Respectfully motion that the case be reassigned to a new judge*** based upon the factors in the motion for a new trial, the affidavit, judicial errors. and the inability to have a face-to-face trial leading to judgment impacting plaintiff's

disabilities. Request that defendant's attorney NOT be able to select the new judge, that per FRCP the Chief Judge reassign the case.

***2. Plaintiff motions the court to vacate the admonition*** based upon the fact that the judicial complaint was not done to disrespect the Court nor violate court rules. Plaintiff *was instructed* to file the complaint to the District Court and later the Court provided additional instructions for filing a court system judicial complaint. Plaintiff is also in a protected class based upon attorney complaint to investigative body.

***3.*** Plaintiff would not have filed a judicial complaint to the Court if there was not a foundation to the complaint as outlined in this document and other submitted documents to the Court. Plaintiff is consistently fact based in her legal approach, as should the Court.

***4.*** There is no disrespect to the court in seeking facts instead of the current conjecture as outlined in the motion for a new hearing and the affidavit. This issue is professional not a personal attack. Truth is at the heart of justice.

Dated: January 25,2021 Respectfully submitted,

By: *Helen L. Horvath, PsyD*
Dr. Helen L. Horvath, Plaintiff
In Pro Per