UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN L. HORVATH,<br><br>                         Plaintiff,<br>v.<br><br>JP MORGAN CHASE & COMPANY,<br><br>                         Defendant. | Case No.: 3:21-cv-1665-BTM-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING PLAINTIFF'S MOTION FOR A NEW JUDGE**<br><br>**[34, 35, 36]** |

On August 16, 2021, Plaintiff Helen L. Horvath filed a complaint against Defendant JPMorgan Chase Bank, N.A.[1] in the Superior Court of California, County of San Diego, Small Claims Court ("Small Claims Court"), alleging violations of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and the Fair Credit Reporting Act ("FCRA"). (ECF No. 1-2, Exh. A.) On September 22, 2021, Defendant removed the action to this Court. (ECF No. 1.) On January 6, 2022, the Court denied Plaintiff's Motion to Remand and granted Defendant's Motion to Dismiss. (ECF No. 28.) The Court dismissed Plaintiff's complaint without

---

[1] Defendant alleges that it was erroneously sued as JP Morgan Chase & Company.

prejudice and with leave to amend. (*Id.* at 12.)

On January 26, 2022, Plaintiff filed a Motion for a New Trial and Vacate/Revise Judgment (ECF No. 34) and a Motion for a New Judge (ECF No. 35). On February 1, 2022, Plaintiff filed an amended Motion for a New Trial and Vacate/Revise Judgment. (ECF No. 36.) The Court will construe the amended motion as the operative Motion for a New Trial and Vacate/Revise Judgment.

**I.     MOTION FOR RECONSIDERATION**

Plaintiff brings her motion for a new trial and vacate/revise judgment pursuant to Federal Rule of Civil Procedure Rule 59. Rule 59, however, is inapplicable, as no trial has taken place and no final judgment has been issued. *See Indian Oasis-Baboquivari Unified Sch. Dist. No. 40 of Pima Cty., Ariz. v. Kirk*, 109 F.3d 634, 636 (9th Cir. 1997) ("we made it explicit that an order dismissing a complaint with leave to amend is not a final, appealable order"); *Alan v. JP Morgan Chase Bank, NA*, 2020 WL 8461767, at *1 (C.D. Cal. Dec. 7, 2020) ("A motion under Rule 59(e) is only appropriate when final judgment has been entered on all claims. The provisions of Rule 59 are designed to address orders rendering a final judgment, not interlocutory orders.") (internal citations and quotations omitted).

Because Plaintiff is proceeding pro se, the Court will liberally construe her motion as a motion for reconsideration of its interlocutory order. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("The general rule regarding the power of a district court to rescind an interlocutory order is as follows: As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (internal citation and quotations omitted). "Although a district court may reconsider its decision for any reason it deems sufficient, generally a motion for reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there

is an intervening change in controlling law." *Strasburg v. M/Y JUST A NOTION*, 2010 WL 3420794, at *2 (S.D. Cal. Aug. 30, 2010) (internal citations and quotations omitted).

  A. <u>Dismissal Order</u>

  In support of her motion for reconsideration of the Court's dismissal order, Plaintiff attaches as new evidence a copy of a Consent Order in CFBP Administrative Proceeding No. 2017-CFPB-0015 (ECF No. 36-1) and argues that Defendant violated the Consent Order and FCRA when it failed to timely respond to direct disputes submitted by Plaintiff.  (ECF No. 36 ("Mot. for Reconsideration") at 3-4.)  However, FCRA does not provide a private right of action for all FCRA violations.  *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements.  However, § 1681s–2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA.").  Further, Plaintiff fails to identify any part of the Consent Order that creates an additional private right of action.  *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975) ("a well-settled line of authority from this Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it"); *Kaur v. Comptroller of Currency*, 2014 WL 5473538, at *3 (E.D. Cal. Oct. 28, 2014) ("the consent orders placed at issue by plaintiffs' allegations do not provide them with a private right of action to enforce the terms and conditions of those consent orders"); *United States v. Louisiana-Pac. Corp.*, 569 F. Supp. 1141, 1146 (D. Or. 1983) ("There is no private right of action for third parties arising out of a consent agreement between others.").  In dismissing Plaintiff's FCRA cause of action, the Court held that "Plaintiff fail[ed] to allege that she notified the relevant CRA that she disputed the reporting as inaccurate, that the CRA then notified Defendant of the alleged inaccurate

information, and that Defendant then failed to investigate the inaccuracy or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b) (1)(A)-(E)." (ECF No. 28 at 11.)  Plaintiff's submission of the Consent Order does not cure these deficiencies and is not a sufficient basis for reconsideration.

Plaintiff also argues the following: (1) that Defendant filed a late Notice of Party with Financial Interest; (2) that Defendant improperly attached its proposed sur-reply to their request to file a sur-reply; (3) that Defendant's attorneys engaged in misconduct and made false statements during the case; (4) that Plaintiff's financial losses due to her inability to apply for various contracts should be awarded as costs or fees; and (5) that the pleading standards of the Federal Rules of Civil Procedure should not apply to a California small claims case. (Mot. for Reconsideration at 15-26.)

First, while Defendant did file a late Notice of Party with Financial Interest, the filing of the Notice does not relate to the substance of the Court's dismissal order.  Second, Defendant's attachment of a proposed sur-reply to its request to file a sur-reply was permissible and did not violate any local rules or chamber's rules.  Third, Plaintiff's accusations of misconduct and false statements by Defendant's attorneys are, again, conclusory, speculative, and unsupported by the record.  Fourth, Plaintiff has provided no basis for recovering purported financial losses from her inability to apply for various contracts.  Fifth, Plaintiff is incorrect that federal pleading standards do not apply once a California small claims case has been removed to federal court.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) ("The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal."); *Joyner v. Bank of Am. Home Loans Servicing, LP*, 473 F. App'x 724, 725 (9th Cir. 2012) ("the district court properly applied federal pleading standards following the removal of the action from state court").  None of Plaintiff's objections have merit and are not sufficient

1  for reconsideration.

2  Accordingly, Plaintiff's motion for reconsideration of the Court's
3  dismissal order is **DENIED**.

4  B. Remand Order

5  In support of her motion for reconsideration of the Court's remand order,
6  Plaintiff argues that removal was untimely because the USPS is a sub-agent of CT
7  Corp and was authorized to accept service of process on behalf of CT Corp on
8  August 20, 2021. (Mot. for Reconsideration at 4-5.) Plaintiff claims that "[u]nder
9  the federally guided contract between USPS and CT, the USPS is a designated
10 sub-agent for signature by virtue of the USPS Caller Service with premium
11 signature." (*Id.* at 4.) Plaintiff also argues that, based on the alleged sub-agent
12 contract between the USPS and CT Corp, the stated service date of August 23,
13 2021 in the declaration of Alexandre C. Halow is incorrect. (*Id.* at 7-9, 15.)

14 Defendant, in its opposition papers, does not substantively address or
15 provide evidence refuting Plaintiff's allegation of a sub-agent contract between the
16 USPS and CT Corp. "[Courts] strictly construe the removal statute against removal
17 jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the
18 right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th
19 Cir. 1992) (internal citations omitted). "The strong presumption against removal
20 jurisdiction means that the defendant always has the burden of establishing that
21 removal is proper." *Id.* (internal quotation marks omitted). Because there is a
22 dispute of material fact regarding whether the USPS was the sub-agent of CT Corp
23 for service of process and when Defendant was served, the Court finds it
24 appropriate to conduct an evidentiary hearing to resolve these facts. *See Sompo*
25 *Japan Ins. Co. of Am. Inc. v. VIP Transp., Inc.*, 2008 WL 11410111, at *1 (N.D.
26 Cal. Aug. 12, 2008) ("In a removal proceeding, the defendant bears the burden of
27 establishing federal subject matter jurisdiction. If there is a dispute in the facts, the
28 court must either conduct an evidentiary hearing or view the facts in the light most

favorable to the non-moving party.") (internal citation omitted).

Accordingly, Plaintiff's motion for reconsideration of the Court's remand order is **GRANTED**.

## II. MOTION FOR NEW JUDGE

Plaintiff requests that her case be reassigned to a new judge. (ECF No. 35.) As the basis for her request, Plaintiff alleges that: (1) the Court did not write the January 6, 2022 Order Denying Plaintiff's Motion to Remand and Granting Defendant's Motion to Dismiss, and that it was improperly written entirely by Defendant; and (2) there may be a relationship between Judge Barry Ted Moskowitz and two partners at Defendant's attorneys' law firm Stroock & Stroock & Lavan LLP, Stephen P. Moskowitz and Ross F. Moskowitz.

"[J]udges . . . are presumed to be impartial and to discharge their ethical duties faithfully so as to avoid the appearance of impropriety." *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 988 (9th Cir. 2000). "[A] judge has . . . a duty to sit when there is no legitimate reason to recuse." *Clemens v. U.S. Dist. Ct. for Cent. Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005).

Under 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Further, under 28 U.S.C. § 455:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material

witness concerning it; (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy; (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding; (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: (i) Is a party to the proceeding, or an officer, director, or trustee of a party; (ii) Is acting as a lawyer in the proceeding; (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

"Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer. The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).

In a January 12, 2022 order, the Court stated on the record that: (1) the Court's Order Denying Plaintiff's Motion to Remand and Granting Defendant's Motion to Dismiss was entirely its own work; (2) that the Court had no record of receiving a proposed order from Defendant regarding their Motion to Dismiss; and (3) to the Court's knowledge, the Honorable Barry Ted Moskowitz does not have a familial or personal relationship with Stephen P. Moskowitz or Ross F. Moskowitz at Stroock & Stroock & Lavan LLP. (ECF No. 31.) Plaintiff's unsubstantiated allegations to the contrary are not sufficient to warrant the Court's recusal or disqualification.

Accordingly, Plaintiff's Motion for a New Judge is **DENIED**.[2]

## III. CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Reconsideration of the Court's dismissal order is **DENIED**, Plaintiff's Motion for Reconsideration of the Court's remand order is **GRANTED**, and Plaintiff's Motion for a New Judge is **DENIED**.

The Court hereby sets a limited evidentiary hearing regarding the service of process date for **May 19, 2022 at 11:00 a.m.** in Courtroom 15B in the James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, CA 92101.  The parties must present evidence, which may include live testimony or depositions, with an opportunity for cross-examination.  Live testimony by video will be permitted.  The Court will make a determination on whether removal was timely based solely on the evidence presented at the hearing.

Pursuant to Federal Rule of Civil Procedure Rule 26(d)(1), the Court hereby authorizes the parties to serve subpoenas.  Any subpoenas must comply with Federal Rule of Civil Procedure 45, including proper service and the tendering of witness fees.

In addition, the Court orders the following:

1. Within 14 days of this order, Defendant shall produce to Plaintiff any contracts of agreements between CT Corp and the USPS as to receipt of mail in the Central District of California that were in effect as of August 20 to August 23, 2021.  If there are no such documents, Defendant shall file a declaration to that

---

[2] In the Court's January 12, 2022 order, in response to a January 10, 2022 email Plaintiff sent to Defendant's attorneys, containing various allegations and cc'ing the Court, the Court stated that "the Court admonishes Plaintiff to refrain from further including the Court in correspondence directed at her opposing party and its attorneys."  (ECF No. 31 at 1.)  Plaintiff requests that the Court vacate its admonishment, appearing to mistakenly interpret the January 12, 2022 order as a retaliatory response to a judicial complaint she filed.  The Court's admonishment regarding Plaintiff's violation of Local Civil Rule 83.9 was not related to any judicial complaint filed.  Plaintiff's request is **DENIED**.

effect, stating the process it used to search for them.

2. Within 14 days of this order, Defendant's attorney, Bryan D. Trader, shall produce to Plaintiff any emails that he sent to the Court submitting a proposed order or judgment on the motion to remand and motion to dismiss. If there were none, he shall submit a declaration to that effect.

**IT IS SO ORDERED.**

Dated:  April 6, 2022

_____
Honorable Barry Ted Moskowitz
United States District Judge