UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN L. HORVATH,<br><br>              Plaintiff,<br><br>  v.<br><br>JP MORGAN CHASE & COMPANY,<br><br>              Defendant. | Case No.: 3:21-cv-01665-BTM-AGS<br><br>**ORDER DENYING MOTION FOR COSTS, EXPENSES, AND ATTORNEY'S FEES.**<br><br>[ECF No. 74, 75, and 77] |

Dr. Helen Horvath ("Plaintiff"), *in Propria Persona*, has filed motions for costs and fees pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1927. (ECF Nos. 74, 75, 77.) JP Morgan Chase ("Defendant") filed an opposition. Plaintiff filed a response and a separate "Statement of Facts/Legal Issues". (ECF Nos. 79 and 80.) Although this case is remanded, the Court retains jurisdiction over the collateral issue of costs and attorney's fees under § 1447(c). The motions have been extensively briefed and oral argument would not add anything or aid the Court in deciding the motions. Therefore, under Civ. L.R. 7.1 (d)(1), the Court has exercised its discretion to decide the motions on the papers without oral argument. For the reasons discussed below, Plaintiff's motions are **DENIED**.

## I. BACKGROUND

On August 16, 2021, Plaintiff filed a complaint against JP Morgan Chase in the small claims court of the Superior Court of California, County of San Diego. (ECF No. 3 at 3.)  The complaint requested damages for (1) violation of the Cares Act reporting requirements when granting deferrals; (2) inaccurate reporting; (3) failure to provide access to the balance liquidation programs in 2020; (4) failure to grant COVID-19 deferrals; (5) denial of credit by Pentagon Federal Credit Union and Geneva Financial; (6) not granting the balance liquidation; (7) violations of the Fair Credit Reporting Act; (8) loss of time; and (9) punitive damages.  (ECF No. 1-2 at 4 ("Compl.").)  On September 22, 2021, Defendant removed to federal court on the basis of federal question jurisdiction.  (ECF No. 1.)  Defendant then submitted a motion to dismiss for failure to plea sufficient facts under Rule 8(a)(2) and failure to state a claim under Rule 12(b)(6).  (ECF No. 3.)

After removal, Plaintiff submitted a response and justification to reject removal of the case, among other reasons, on the basis Defendants did not timely file the notice of removal.  (ECF No. 5 at 2.)  Plaintiff contested that "[t]he notice of removal [was] dated September 22, 2021, more than 30 days after receipt of the small claims action as stated by defendant's attorney."  (Id.)  Plaintiff then submitted additional motions to remand, also alleging improper removal.  (ECF Nos. 8 and 9.)  On January 7, 2022, the Court issued an Order denying remand, and granting Defendant's motion to dismiss with leave to amend.  (ECF No. 28.)

In January and February of 2022, Plaintiff submitted motions for reconsideration.  (ECF Nos. 34, 36, 38.)  Plaintiff additionally filed a motion to reassign the case to a different judge.  (ECF No. 35.)  Defendant responded in opposition to these motions (ECF No. 37.) and on April 6, 2022, this Court issued an order granting in part and denying in part Plaintiff's motion for reconsideration. (ECF No. 40.)  This set a subsequent evidentiary hearing to determine the merits of Plaintiff's jurisdictional claim.  (Id. at 24.)  During this evidentiary hearing on May

2

3:21-cv-01665 BTM AGS

19, 2022, the Court took judicial notice of Plaintiff's "Exhibit 8," which provided circumstantial evidence that Plaintiff's complaint was delivered on August 20, 2021, making Defendant's removal untimely. (ECF No. 66.) The Court granted JP Morgan Chase 45 days in which to depose a representative of the U.S. Postal Service ("USPS") and resolve the discrepancy of fact, or alternatively agree to a remand. (Id. 4-5.) During this period, Plaintiff filed four additional motions to remand. (ECF. Nos. 67, 69, 70, and 72.) On July 25th, 2022, JP Morgan Chase declined to depose a representative of the USPS and agreed to jointly remand, stating it agreed "solely to avoid incurring further fees and costs." (ECF No. 71.) On July 29, 2022, the case was remanded to state court. (ECF No. 73.)

On August 11, 2022, Plaintiff filed a motion for entry of judgement under Rule 54(b) and 28 U.S.C. § 1927. (ECF No. 74.) Plaintiff filed subsequent motions, memorandums, and addendums between August 12 and September 22, 2022. (ECF Nos. 75, 77, 79, and 80.) Plaintiff contends that JP Morgan Chase's failure to agree to remand earlier entitles her to costs, expenses, and attorneys fees under the law. Plaintiff requests a total amount of $89,528.10, including but not limited to mileage and human costs, mailing costs, administrative costs, attorney's fees, and, if the court finds fit, additional costs for medical issues resulting from the case. (ECF No. 77 at 10-14.) The Court now considers the motion for costs, expenses, and fees under 28 U.S.C. § 1927 and costs under Fed. R. Civ. P. 54(d) in turn.

## II. DISCUSSION

The "American Rule" provides that each party bear the cost of its attorney's fees regardless of the outcome of the litigation. *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). As a general matter, prevailing litigants are only entitled to collect attorney's fees where there is explicit statutory authorization or a binding contractual provision providing for such awards. *Key Tronic Corp. v. United States*, 511 U.S. 809, 814-15 (1994).

A. <u>Fees under 28 U.S.C. 1447(c).</u>

28 U.S.C. § 1441 authorizes the removal of state cases to federal court where the district court would have original jurisdiction, including over federal question claims.  28 U.S.C. § 1447(c) provides for remand based on lack of jurisdiction "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction...". Further, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The Court has discretion to grant fees when the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, Defendant removed to federal court on the basis of federal question jurisdiction, allowed under 28 U.S.C. § 1441.  Subsequent remanding of the case was agreed to by the Defendant to avoid deposition costs associated with Plaintiff's untimely removal claim.  As discussed in more detail below, the Court finds JP Morgan Chase's initial removal reasonable.  Therefore, the Court exercises its discretion under § 1447(c), and **DENIES** Plaintiff's request for fees and costs associated with the removal.

B. <u>Sanctions, Costs and Fees under 28 U.S.C. § 1927</u>

Plaintiff seeks an award of costs, expenses, and attorney's fees under 28 U.S.C. § 1927.  Section 1927 dictates that:

> "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

District courts have substantial discretion to decide whether to award

sanctions under § 1927 or their inherent power, and in what amount. *Haynes v. City and County of San Francisco*, 688 F.3d 984, 987-88 (9th Cir. 2012). The purpose of a sanctions award "may be to deter attorney misconduct, or to compensate the victims of an attorney's malfeasance, or to both compensate and deter." *Id.* The award is intended only to cover excess costs incurred due to unreasonable conduct; it is not meant to reimburse a party for ordinary trial costs. *See United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1347-48 (9th Cir. 1985). However, assessment of § 1927 sanctions requires a court to make a finding of bad faith. *West Theatre Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990); *In re Keegan Mgmt. Co.,* 78 F.3d 431, 436 (9th Cir. 1996) ("section 1927 sanctions 'must be supported by a finding of subjective bad faith.'"); *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir.1983); *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir.1982). Bad faith is present whenever an attorney or *pro se* party "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986); *West Coast Theater Corp. v. City of Portland*, 897 F.2d at 1528; *U.S. v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342 (9th Cir., 1985) ("The imposition of liability under this statute requires a finding that an attorney has acted "recklessly or in bad faith."). "[W]hile it is true that reckless filings may be sanctioned, and nonfrivolous filings may also be sanctioned, reckless nonfrivolous filings, without more, may not be sanctioned." *In re Keegan Mgmt. Co.*, 78 F.3d at 436. Before a party can recover excess costs under 28 U.S.C. § 1927, the court must find that the "attorney or other person admitted to conduct cases" created "needless proceedings" or "prolonged litigation," and that the conduct was vexatious as well as unreasonable.

\\

### I.     Needless or Prolonged Litigation

28 U.S.C. § 1927 is "a penal statute designed to discourage unnecessary delay in litigation," and limit "multiplicity of suits or processes, where a single suit or process might suffice." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 759 (1980) (quoting 26 ANNALs OF CONG. 29 (1813)). Sanctions under § 1927 are warranted when an attorney or *pro se* plaintiff intentionally or recklessly raises a frivolous argument which results in the multiplication of proceedings. *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010); *see also Zambrano v. City of Tustin*, 885 F.2d 1473, 1485 (9th Cir. 1989) (mere negligence is insufficient to levy sanctions). "Because the section authorizes sanctions only for the 'multipli[cation of] proceedings,' it applies only to unnecessary filings and tactics once a lawsuit has begun*.*" *In re Keegan Mgmt. Co.*, 78 F.3d at 436; see *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986); *Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986).

Plaintiff asserts that Defendants "lack of cooperation…led to the multiplication of the case as the attorneys were aware that they missed the filing deadline under 28 U.S.C. § 1446". (ECF No. 77 at 8.)  Moreover, she argues that Defendants "could have stopped this case and dismissed it September 29, 2021 or agreed with Pacer document 8 instead of multiplying the case." (Id. at 10.) Defendant argues that JP Morgan Chase did not multiply the proceedings, stating that after the Court initially ruled "that removal was proper and timely", "Chase did not file any subsequent documents… and was only forced to defend itself and respond to Plaintiff's various motions and actions." (ECF No. 78 at 13.)

Case law under § 1927 aligns with Defendant's argument that a fair attempt at removal does not constitute bad faith multiplication of the proceedings.  The Ninth Circuit held in *In re Peoro*, 793 F.2d 1048 (9th Cir. 1986) that a creditor who brought multiple lawsuits in violation of res judicata rules did not have any plausible basis for his litigation, and accordingly was charged fees for vexatious

multiplication. *See also Cruz v. Savage*, 896 F.2d 626 (1st Cir. 1990) (finding a civil rights attorney sanctionable for filing multiple frivolous claims, unsupported by evidence which unnecessarily multiplied litigation). While the proceedings in this case posed an inconvenience for both Horvath and JP Morgan Chase, this Court does not find that the Defendant "intentionally or recklessly" raised a "frivolous argument," in a way that multiplied the proceedings under § 1927. While Defendants later declined to depose USPS, resulting in a remand, this does not prove a "calculated" or bad faith effort to multiply litigation seen in *In re Peoro*, and is not sanctionable under § 1927. Rather, it was Plaintiff that raised frivolous motions to have the case reassigned to another judge and transfer the case. (See ECF Nos. 35 and 55.)

## II. **Unreasonable or Vexatious**

Additionally, the Court must determine if the conduct was "unreasonable or vexatious." In *U.S. v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342 (9th Cir. 1985) the Ninth Circuit held that an attorney unreasonably delaying trial and causing himself to be disqualified one day before trial was scheduled, constituted "calculated" and thus "unreasonable, vexatious, and irresponsible" action under § 1927. See also *Baker Industries, Inc. v. Cerberus LTD.*, 764 F.2d 204 (3rd Cir. 1985) (finding a flagrant breach of stipulation of consent to hybrid reference process as "bad faith" sanctionable under § 1927). However, in *E.E.O.C. v. Banner Health*, 402 Fed.Appx. 289 (9th Cir. 2010), the Ninth Circuit held that the district court did not abuse its discretion for declining attorneys' fees when it found no bad faith in a discrimination complaint filed against an employer for denying Christmas holiday leave. There, the court emphasized that a "finding of subjective bad faith is essential to an award of attorneys' fees under either section 1927 or a court's inherent power." *Id*. at 292.

Plaintiff argues that "the facts in this case meet the requirements for the

1  Court…to declare the attorney vexatious since they continued the case knowing
2  that [they] missed the initial filing deadline for removal." (ECF No. 74 at 7.)
3  Defendant argues that "Chase had an objectively reasonable basis to calculate the
4  deadline for filing the removal as September 22, 2021" and accordingly did not act
5  with the requisite bad faith required. (ECF No. 78 at 12.) Based on the facts
6  presented, this court agrees with the Defendant. As this Court noted in its order
7  remanding the case, "there remain[ed] a doubt as to whether Defendant timely
8  removed." (ECF No. 73.) The Court did not hold that removal was in fact untimely.
9  (Id.) Plaintiff asserts she notified Defendant "that they missed the filing deadline
10 via email and telephonically," which Defendant viewed as a dispute of fact. (ECF
11 No. 74 at 5.)  However, Plaintiff's motion does not assert sufficient facts to
12 demonstrate bad faith litigation. Defendants' continued litigation was merited, and
13 does not qualify as unreasonable, vexatious, or in bad faith under § 1927.

### III.   Analysis of Eligibility for Attorney's Fees

Finally, Defendant has raised the question of Plaintiff's eligibility for attorney's fees under § 1927. In her motion to award cost and fees, Plaintiff requested $60,367.50 "which is in line with what defendants would have paid attorneys if not more." (ECF No. 74 at 10-13) (She later amended her request to include an additional $27,650.00 in fees (ECF No. 77 at 11.) Defendant argues that as a Plaintiff proceeding *in Propria Persona*, Horvath is not eligible to collect the attorney's fees under § 1927.

As stated above, the court may require the "attorney or other person admitted to conduct cases . . . to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred." A statutory reading of § 1927 would allow for *pro se* litigants the "excess costs, expenses" but deny "attorneys' fees reasonably incurred" since *in Propria Persona* representation does not, by its very nature, incur those fees. Similar logic has been followed across a variety of

statutes. In *Kay v. Ehrler*, 499 U.S. 432, 435 (1991), the Supreme Court noted that there is no disagreement "that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees" under 42 U.S.C. § 1988(b). The same has been held for 42 U.S.C. § 1911 ("The Social Security Act"), where the Eleventh Circuit held that "[b]ecause a party proceeding *pro se* cannot have incurred attorney's fees as an expense, a district court cannot order a violating party to pay a *pro se* litigant a reasonable attorney's fee as part of a sanction." *Massengale v. Ray,* 267 F.3d 1298, 1302-03 (11th Cir. 2001). Under the Freedom of Information Act, the District of Columbia Circuit Court of Appeals permits *pro se* litigants to recover attorney's fees because it interprets the phrase "reasonably incurred" in 5 U.S.C. § 552(a)(4)(E) to modify only "litigation costs," thereby allowing "reasonable attorney fees" to be awarded even though not incurred. *Cuneo v. Rumsfeld*, 533 F.2d 1360, 1366 (D.C. Cir. 1977). However, this interpretation has been subsequently rejected by the United States Courts of Appeals for the First, Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits. *Crooker v. Department of Justice*, 632 F.2d 916 (1st Cir.1980); *Barrett v. Bureau of Customs*, 651 F.2d 1087 (5th Cir. 1981), *cert. denied*, 455 U.S. 950 (1982); *Falcone v. IRS*, 714 F.2d 646 (6th Cir. 1983), *cert. denied*, 466 U.S. 908 (1984); *Wolfel v. United States*, 711 F.2d 66 (6th Cir. 1983); *DeBold v. Stimson*, 735 F.2d 1037 (7th Cir. 1984); *Burke v. United States Dep't of Justice*, 559 F.2d 1182 (10th Cir. 1977); *Clarkson v. IRS*, 678 F.2d 1368 (11th Cir.1982). There is a pattern among courts of denying attorney's fees to those representing themselves. *See Pickholtz v. Rainbow Technologies*, Inc., 284 F.3d 1365, 1375 (Fed. Cir. 2002) ("[T]he word "attorney' connotes an agency relationship between two parties (client and attorney), such that fees a lawyer might charge himself are not "attorney fees,'" since "[o]ne cannot "incur' fees payable to oneself"); *Kay v. Ehrler*, 499 U.S. 432, 435-36 (1991) ("[T]he word "attorney' assumes an agency relationship..."); *Manos v. U.S. Dept. of Air Force* 829 F. Supp. 1191, 1192-1193 (N.D.Cal. 1993) (noting that federal circuit courts

have overwhelmingly held that nonattorney *pro se* litigants cannot recover attorney fees under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B) et seq.); *Swanson & Setzke, Chtd. v. Henning*, 774 P.2d 909, 910 (1989) ("a clear majority of courts hold that if a nonlawyer undertakes to represent himself in litigation, he is not entitled to an award of attorney fees"); *Smith v. Batchelor*, 832 P.2d 467, 474 (Utah 1992) ("It is the general rule that pro se litigants should not recover fees for successful litigation"); *Trope v. Katz*, 11 Cal.4th 274, 279-282 (1995) (finding an attorney *pro se* litigant could not recover attorney's fees, regardless of his profession, under California Civil Code Section 1717).

However, case law specifically defining "attorney's fees" under § 1927 is limited in this jurisdiction. *See Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) (finding *pro se* litigants could be liable for attorney's fees under 28 U.S.C. § 1927, but not answering if they could recover such fees). This Court finds that the Defendant did not file or conduct this action in bad faith, and Defendant's counsel did not unreasonably multiply these proceedings. Plaintiff already has no claim to attorney's fees under 28 U.S.C. § 1927. Accordingly, the Court does not decide whether *pro se* litigants' are eligible for attorney's fees. Since Plaintiff does not meet the burden required for costs or fees under 28 U.S.C. § 1927, her motion is **DENIED**.

**C. Entitlement to Additional Costs under Fed. R. Civ. P. 54(d).**

Horvath additionally petitions the court for costs incurred under the Fed. R. Civ. P. Rule 54(d) which states, in relevant parts, that "costs—other than attorney's fees—should be allowed to the prevailing party." Most federal fee-shifting provisions authorize courts to award costs if the "claimant was the 'prevailing party,' the 'substantially prevailing party,' or 'successful.'" *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 684 (1983). The award of costs under Rule 54 is a matter within the court's discretion. *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160,

1165 (7th Cir. 1983). Rule 54(d)(1) provides that "costs … shall be allowed as of course to the prevailing party unless the court directs otherwise." See also Civ. L.R. 54.1(f) ("The determination of the prevailing party will be within the discretion of the Court in all cases except where such determination is inconsistent with statute or the Fed. R. Civ. P. or the rules of the appellate courts."). Plaintiff asserts entitlement to costs because she is a "prevailing party" within the meaning of Rule 54(d)(1). Accordingly, Plaintiff's recovery of costs hinges upon her: 1) timely filing a Bill of Costs outlining her 54(d) claims under the local rules, and 2) whether she is a "prevailing party" by reason of remand.

     First, Plaintiff here has not followed the Civ. L.R. 54.1 procedures required to recover costs. Civ. L.R. 54.1 outlines that "[w]ithin fourteen (14) days after entry of judgment, the party in whose favor a judgment for costs is awarded or allowed by law, and who claims costs, must file with the Clerk the bill of costs, together with a notice of when the Clerk will hear the application." The same time limit is imposed for a bill of cost under Rule 54(d)(1) (stating the "clerk may tax costs on 14 days' notice."). The U.S. District Court for the Southern District of California provides AO 133 Bill of Cost form with instructions to first set a hearing date with Clerk of Court before submitting the form on CM/ECF. See United States District Court, Southern District of California, "Bill of Costs", https://www.casd.uscourts.gov /forms/billofcost.aspx (last visited Oct. 12, 2022). This court issued its order remanding this case for untimely removal on July 29th, 2022. While Plaintiff provided information on estimated costs in her motion for attorney's fees, she did not timely file a Bill of Costs as required by the local rules. Her motion to recover fees under 54(d) is now time barred.

     Additionally, even if Plaintiff had complied with Civ. L.R. 54.1, this Court finds she is not entitled to costs, as she is not a prevailing party under Rule 54(d). The Supreme Court has defined a "prevailing party" as "a party in whose favor a judgement is rendered, regardless of the amount of damages awarded."

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). The Supreme Court in *CRST Van* specifically noted that a defendant need not obtain a judgment on the merits in order to qualify for attorney's fees under a "prevailing party" analysis. 578 U.S. 419, 431 (2016) ("The congressional policy regarding the exercise of district court discretion in the ultimate decision whether to award fees does not distinguish between merits-based and non-merits-based judgments. Rather…one purpose of the fee-shifting provision is 'to deter the bringing of lawsuits without foundation.'"; *See also Amphastar Pharmaceuticals, Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709 (2017) (stating that "defendants who prevail for various non-meritorious reasons [could] still be deemed 'prevailing parties.'").

Instead, "[t]he dispositive question is not whether the plaintiff ultimately obtained some form of substantive relief, but rather whether there is a lasting alteration in the legal relationship between the parties*.*" *Wood v. Burwell*, 837 F.3d 969 (9th Cir. 2016); *Sole v. Wyner*, 551 U.S. 74 (2007). "There is no "prevailing party"—and thus no cost award—if there has not been a "material alteration of the legal relationship of the parties." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–793 (1989). This has been defined as the "material alteration test," asking whether there has been a "judicially sanctioned change in the legal relationship of the parties". *Buckhannon*, 532 U.S. at 605. In order to qualify as a prevailing party, a party must have been awarded some relief by the court resulting in a material alteration in the legal relationship between the plaintiff and defendant. *Buckhannon*, 532 U.S. at 605.

While "Congress has included the term "prevailing party" in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner." *CRST Van*, 578 U.S. at 422. Existing case law has primarily found an alteration of a legal relationship sufficient to confer prevailing party status when a ruling constitutes a "judicially sanctioned change" for purposes of Rule

54(d) which confers a benefit on one party. *Wood v. Burwell*, 837 at 974 -75 (where the Plaintiffs "left the courthouse with an [agency remand] order that the Secretary violated the APA and had to undertake a 'do over' of her administrative review—a victory that can hardly be described as leaving 'emptyhanded'"); *Carbonell v. INS*, 429 F.3d 894, 899–902 (9th Cir. 2005) (holding that a district court's order incorporating a voluntary stipulation to a stay of deportation judicially sanctioned and materially altered the relationship between Carbonell and the government making the applicant a prevailing party).

However, jurisdictional remand, voluntary dismissals without prejudice, and a change in venue, do not create a "prevailing party" without clear "material alteration of the legal relationship of the parties." *Buckhannon*, 532 U.S. at 604. For example, the Ninth Circuit held that "a dismissal without prejudice does not alter the legal relationship of the parties 'because the defendant remains subject to risk of re-filing.'" *Oscar v. Alaska Dept. of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008). To qualify as a prevailing party, one side must "obtain[] relief sufficiently enduring to satisfy the 'material alteration of the parties' legal relationship[.]" *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 716 (9th Cir. 2013); *See also Ware v. Pine State Mortg. Corp.*, 745 F.Appx. 831, 833 (11th Cir. 2018) (holding there was no entitlement to award under 54(d) since remand did not alter the legal relationship of the parties*); Sequa v. Cooper*, 245 F.3d 1036, 1037 (8th Cir. 2001) (upholding cost award under Court's inherent authority but disagreeing with conclusion that Plaintiff's voluntary dismissal without prejudice made Defendant a "prevailing party"); *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076-1077 (7th Cir. 1987) (holding a voluntary dismissal without prejudice did not make the Defendant a "prevailing party" because he remained at risk to further litigation on the claim); *Perez-Arellano v. Smith*, 279 F.3d 791, 795 (9th Cir. 2002) (holding that applicant who was granted naturalization at the administrative level while the federal court action was held in abeyance was not a

prevailing party because he "unmistakably did not gain a change in his legal relationship with the INS by judgment or consent decree").

Here, the Court remand for untimely removal does not materially alter the legal relationship between the Plaintiff and Defendant in any sufficiently enduring way, but rather stated that the Court itself can not hear the claim.  While JP Morgan Chase opted to not pursue a deposition of an employee of USPS when ordered by the Court, choosing instead to remand by that omission, this did not terminate litigation, change material facts of the case, or sufficiently modify the previous existing legal relationship in question.  It simply moved the matter out of federal jurisdiction due to a substantial doubt as to timely removal.  Accordingly, it would be inconsistent with Ninth Circuit precedent, and the "material alteration test", to find Plaintiff to be the prevailing party by means of remand.

For these reasons, the Court declines to find Horvath the "prevailing party" on issue of remand.  Her motion costs under 54(d) is **DENIED**.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

## IV. CONCLUSION

The Court finds that Plaintiff has failed to establish that Defendant's removal to federal court, or its original decision to resist a remand, constitute bad faith, or unreasonable or vexatious multiplication meriting sanctions under 28 U.S.C. § 1927. The Court also holds that Plaintiff is not entitled to costs, expenses, or fees under 28 U.S.C. §1447(c). Additionally, the Court holds that Plaintiff is not a "prevailing party" as required for costs under Rule 54(d) and that the Plaintiff did not timely file her bill of costs under Civ. L.R. 54.1. The Court therefore **DENIES** Plaintiff's motions for costs and attorneys' fees.

**IT IS SO ORDERED.**

Dated: October 13, 2022

Honorable Barry Ted Moskowitz
United States District Judge